**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Stucker,<br><br>          Plaintiff,<br><br>vs.<br><br>Michael J. Astrue, Commissioner of Social Security,<br><br>          Defendant. | No. CV-10-2293-PHX-DGC<br><br>**ORDER** |

     Plaintiff suffers from low back pain and arthritis in his right knee, and has had multiple knee surgeries. He applied for disability insurance benefits in November 2007, claiming to be disabled since May 1, 2006. Doc. 11, Tr. 100-02, 152. The application was denied. Tr. 53-63. A hearing before an Administrative Law Judge (ALJ) was held on January 19, 2010. Tr. 24-52. The ALJ issued a written decision on February 16, 2010, finding Plaintiff not disabled within the meaning of the Social Security Act. Tr. 11-18. This decision became Defendant's final decision when the Appeals Council denied review. Tr. 1-3.

     Plaintiff then commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). Doc. 1. The issues are fully briefed. Docs. 12, 13, 15. Oral argument has not been requested. For reasons that follow, the Court will reverse Defendant's decision and remand for further proceedings.

**I.      Standard of Review.**

The Court has the "power to enter, upon the pleadings and transcript of record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The Commissioner's decision to deny benefits "should be upheld unless it is based on legal error or is not supported by substantial evidence." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). In determining whether the decision is supported by substantial evidence, the Court "must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Id.*

**II.     Discussion.**

Whether a claimant is disabled is determined using a five-step evaluation process. To establish disability, the claimant must show (1) he has not worked since the alleged disability onset date, (2) he has a severe impairment, and (3) his impairment meets or equals a listed impairment or (4) his residual functional capacity (RFC) precludes him from performing his past work. At step five, the Commissioner must show that the claimant is able to perform other work. *See* 20 C.F.R. § 404.1520.

Plaintiff has met his burden. He has not worked since May 1, 2006. Tr. 13, ¶ 2. He has severe degenerative disc disease of the lumbar spine, patellofemoral arthritis of the right knee, and status post partial medial menisectomy. Tr. 13, ¶ 3. While those impairments do not meet or equal a listed impairment (Tr. 13, ¶ 4), they do preclude Plaintiff from performing his past work as a printer (Tr. 17, ¶ 6). At step five, the ALJ concluded that Plaintiff is not disabled because he has the RFC to perform sedentary work with certain limitations. Tr. 13-17, ¶¶ 5, 9-11. Specifically, the ALJ found that Plaintiff experiences only moderate pain and has the RFC to lift and carry up to 20 pounds occasionally and 10 pounds frequently, to stand or walk 2 hours and sit 6 hours in an 8-hour workday with the ability to alternate positions, and to occasionally climb stairs, crouch, crawl, squat, balance, and stoop. Tr. 13-14, ¶ 5.

Plaintiff contends that the ALJ erred in three respects: rejecting the opinions of treating physicians, finding Plaintiff's symptom testimony not entirely credible, and failing to consider lay witness testimony. Doc. 12. Defendant contends that the ALJ did not err and his decision is supported by substantial evidence. Doc. 13.

### A.  The Treating Physicians' Opinions.

On January 4, 2010, Drs. Benjamin Venger and Jeffrey Carls opined that Plaintiff is unable to work due to right knee problems, chronic pain, and side-effects from pain medication. Tr. 319, 332. The ALJ erred in rejecting those opinions, Plaintiff contends, because he failed to provide specific, legitimate reasons supported by substantial evidence. Doc. 12 at 5-6. The Court does not agree.

The ALJ need not accept the opinion of any medical source, including a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). The ALJ found, correctly, that Drs. Venger and Carls' opinions of disability are conclusory and not supported by their own clinical findings. Tr. 15-16; *see* Tr. 319-82. Nowhere in their opinions do the doctors assess Plaintiff's RFC or provide examples of how Plaintiff's impairments limit his work-related abilities. "The ALJ's rejection of [the treating physicians'] opinion[s] is supported by substantial evidence and was based on a permissible determination within the ALJ's province." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005); *see Connett v. Barnhart*, 340 F.3d 871, 875 (9th Cir. 2003).

### B.  Plaintiff's Testimony.

Plaintiff testified at the hearing that he is able to stand for only a few minutes before needing to sit down (Tr. 29), that he can sit for five minutes at a time (Tr. 30), that he barely can walk around the house (Tr. 30), and that at least once a month his right knee locks up causing debilitating pain (Tr. 38-39).

The ALJ found not credible Plaintiff's testimony concerning the intensity, persistence, and limiting effects of his symptoms to the extent the testimony is

inconsistent with the ALJ's RFC assessment. Tr. 14. There is no dispute that Plaintiff's impairments could reasonably produce some symptoms. Given this fact, and because there is no evidence of malingering, the ALJ was required to present "specific, clear and convincing reasons" for his adverse credibility finding. *See Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996).

Plaintiff asserts that the ALJ erred by "implicitly" finding him not credible (Doc. 12 at 7), but there is nothing implicit about the ALJ's credibility finding. The ALJ noted (Tr. 14-15) that in November 2006, Plaintiff complained of only moderate knee and low back pain and that a physical exam at the time was relatively unremarkable (Tr. 252-54). After successful knee surgery in August 2007, Dr. Theron Tilgner found Plaintiff to be "very apprehensive subjectively with any knee mobility" and opined that Plaintiff "obviously was mentally blocking his progress and his mobility." Tr. 238-39. Following surgery by Dr. Daniel Heiner in February 2008, Plaintiff was doing well, had no problems or complications, and had regained full range of motion in his right knee. Tr. 292. Plaintiff reported in December 2008 that he "walks a mile daily and is moving more quickly." Tr. 326. In March 2009, Plaintiff was able to play softball with his children, though with some difficulty. Tr. 316.

The ALJ also noted (Tr. 15) that Plaintiff was receiving pain medication from both Dr. Heiner and nurse Susan Dockins, but told each of them that he was getting medication only from them (Tr. 273-74). Given Plaintiff's "drug seeking behavior," Dockins decided that only Dr. Heiner should prescribe pain medication to Plaintiff. Tr. 274. The ALJ explicitly found that these documented concerns over suspected drug abuse suggests Plaintiff's "allegations regarding the intensity of his pain are not entirely credible." Tr. 16. That finding was not erroneous. *See Thomas*, 278 F.3d at 959 (upholding adverse credibility finding where the claimant made inconsistent statements about drug use); *Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001) (claimant's drug-seeking behavior was a sufficient reason to discount his credibility about pain).

In summary, the ALJ "gave specific, clear and convincing reasons for discounting [Plaintiff's] testimony." *Thomas*, 278 F.3d at 959. Because those reasons are supported by substantial evidence in the record, the Court "may not engage in second-guessing." *Id.*

### C.     Lay Witness Testimony.

"In determining whether a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006); *see* 20 C.F.R. §§ 404.1513(d)(4), 404.1545(a)(3). Indeed, because statements from family members and friends may provide insight into the severity of the impairments and how they affect the claimant's ability to function, *see* SSR 06-03p, 2006 WL 2329939, at *2 (Aug. 9, 2006), such statements constitute "'competent evidence and therefore *cannot* be disregarded without comment.'" *Stout*, 454 F.3d at 1053 (quoting *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996) (emphasis in original)); *see Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) (the ALJ must consider lay witness testimony unless he "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so").

In December 2009, Plaintiff's girlfriend provided a sworn statement describing the severe pain Plaintiff experiences and the debilitating nature of his knee problems. Tr. 200.   Similar statements were provided by a friend and a medical assistant. Tr. 201-02.   The ALJ committed reversible error in failing to consider this evidence. *Stout*, 454 F.3d at 1056 ("[W]e, along with our sister circuits, have consistently reversed the Commissioner's decision for failure to comment on [lay witness] testimony."); *Nguyen*, 100 F.3d at 1467 ("By failing to include in the hypothetical the physical manifestations that where described by the witnesses or expressly rejecting the testimony for legitimate reasons, the ALJ erred."); *Smolen*, 80 F.3d at 1288 ("Disregard of the testimony of friends and family members violates 20 C.F.R. § 404.1513[.]").

Defendant asserts that the daily activities described by the lay witnesses actually

support the ALJ's decision. Doc. 13 at 30. But the Court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." *Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001). The ALJ, not this Court, "is required to provide specific reasons for rejecting lay testimony." *Stout*, 454 F.3d at 1054.

**D.     Remedy.**

The Court has discretion to remand for further development of the record or for an award benefits. 42 U.S.C. § 405(g); *see Harman v. Apfel*, 211 F.3d 1172, 1173-74 (9th Cir. 2000). Plaintiff asks the Court to consider granting him disability status based upon the opinions of his treating physicians. Doc. 12 at 9. As explained more fully above, however, the ALJ did not err in rejecting those opinions.

This Circuit has held that evidence should be credited as true, and an action remanded for an award of benefits, where three conditions are met: the ALJ has failed to provide legally sufficient reasons for rejecting evidence, no outstanding issue remains that must be resolved before a determination of disability can be made, and it is clear from the record that the ALJ would be required to find the claimant disabled were the rejected evidence credited as true. *See, e.g.*, *Varney v. Sec'y of HHS*, 859 F.2d 1396, 1400 (9th Cir. 1988).

In cases where the testimony of the vocational expert has failed to address functional limitations as established by improperly discredited evidence, this Circuit "consistently [has] remanded for further proceedings rather than payment of benefits." *Harman*, 211 F.3d at 1180 (citation omitted). In this case, the vocational expert offered no opinion as to Plaintiff's ability to work based on the pain and functional limitations described by the lay witnesses. A remand for further proceedings is therefore appropriate. *See Stout*, 454 F.3d at 1056-57.

**IT IS ORDERED:**

1.     Defendant's decision denying disability insurance benefits is **reversed**.

2.     The case is **remanded** to Defendant for further proceedings.

3. The Clerk is directed to enter judgment accordingly.

Dated this 20th day of June, 2011.

_____
David G. Campbell
United States District Judge